# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**STEVEN SHIVALEC,**

                **Plaintiff,**

       **v.**                          **Case No. 17-CV-1245**

**MILWAUKEE MIXED METAL
CYCLES, LLC, et al.,**

                **Defendant.**

## ORDER

In this lawsuit Steven Shivalec alleges that Milwaukee Mixed Metal Cycles (the Company), by whom he was employed as a mechanic, and Ronald Olson, who owned, operated and managed the Company, violated the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Laws by failing to properly and legally compensate him for all compensable work he performed. Specifically, he alleges that he was paid by the hour and that the defendants subtracted from the number of hours he worked each day 30 minutes for meals, breaks and/or rest periods even though he worked the entire time from the time he punched in to the time he punched out.

The defendants have filed a motion to compel discovery. They seek an order directing Shivalec to "fully and completely respond to the defendants' interrogatories and requests for production [.]" Specifically, they seek complete responses to the following discovery requests:

> Interrogatory 8: Identify any and all of the harm, including monetary damages, you contend resulted from the allegations of the complaint. Include a detailed description of each harm and your explanation as to how the harm was caused by the alleged acts and how you calculated the damages.
>
> Request No. 12: Produce a copy of any and all cell phone records for every phone you owned during the time of your employment with Milwaukee Mixed Metal Cycles, LLC.
>
> Request No. 13: Produce a copy of any and all statements generated from or relating to any debit card you owned or used during the time of your employment with Milwaukee Mixed Metal Cycles, LLC.
>
> Request No. 14: Produce a copy of any and all statements generated from or relating to any [credit] card you owned or used during the time of your employment with Milwaukee Mixed Metal Cycles, LLC.

(ECF No. 17-1 at 1-3.)

With respect to Interrogatory No. 8, the Company states that Shivalec "has not provided the defendant with any information regarding the days he alleges he was not paid his fair wage" and it needs to know when and how much Shivalec alleges he was not paid. (ECF No. 17-1 at 2.) Shivalec does not dispute that this information needs to be turned over, but states that he needs time to analyze the time cards that the Company provided in order to provide a response. According to the Company, Shivalec has been

in possession of the time cards since January 17, 2018 (ECF No. 20 at 5.) Finding this information is discoverable, Shivalec is ordered to submit his accounting of damages by **April 16, 2018**.

With respect to Document Request Nos. 12, 13 and 14, the records sought by the Company are all intended to demonstrate that Shivalec was not, as he alleges in this lawsuit, working the entire time between when he punched in and when he punched out. The cell phone call records for every phone Shivalec owned during his employment (Request No. 12) are sought to show that he made phone calls during working hours and did not clock out during the calls. Shivalec's debit (Request No. 13) and credit card (Request No. 14) statements are sought to demonstrate that Shivalec "left the premises to purchase lunch and did not clock out during those lunch periods." (ECF No. 17-1 at 3.) The Company's policy requires employees to punch out if they leave the premises for lunch. (ECF No. 20 at 3.) Thus, the Company argues that a purchase at a location frequented for lunch on a day that the plaintiff did not punch out for lunch would demonstrate that the plaintiff took a break without clocking out. (ECF No. 20 at 7.)

Shivalec objects on the grounds that the requests are overly broad and irrelevant. As to the cell phone records, Shivalec contends that there was no policy "prohibiting the use of personal cell phones during work hours or requiring that employees punch out when making personal calls." (ECF No. 18 at 7.) He further argues that, even if he did make personal calls while at work, "there is no legal basis for failing to compensate him

for the time that he was making said calls during what was otherwise work time[.]" (*Id.*) Shivalec argues that his debit and credit card statements would not demonstrate the amount of time he was not on the premises or the amount of time he took for lunch— that is, "the length of time he ate while not working or, conversely, if he ate while he worked." (ECF No. 18 at 8-9.)

In the complaint Shivalec alleges that during his employment with the Company he "performed compensable work from his 'punch in' time in the morning until his 'punch out' time in the afternoon or evening." (ECF No. 1, ¶ 57.) Although the cell phone records and debit and credit card statements may not show all the details of the length of Shivalec's lunch and other breaks, the cell phone records may demonstrate whether or not Shivalec was, as he alleges, working the entire time from when he punched in to when he punched out, and the debit and credit card statements may demonstrate whether Shivalec should have been punching in and out for lunch but was not. Although he alleges that the requests are burdensome, he does not explain why. Thus, this portion of Milwaukee Mixed Metal Cycles's motion to compel will also be **granted.**

**IT IS THEREFORE ORDERED** that Milwaukee Mixed Metal Cycles, LLC's motion to compel is **granted.** Shivalec shall provide an accounting of damages to Milwaukee Mixed Metal Cycles by **April 16, 2018**. Shivalec shall turn over cell phone call records and debit and credit card statements by **April 20, 2018.**

**IT IS FURTHER ORDERED** that the defendants' motion for attorneys' fees is

**denied**.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge